1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                        NORTHERN DISTRICT OF CALIFORNIA
10
11  SECURITIES AND EXCHANGE        )
    COMMISSION,                    )
12                                 )    No. C08-4089 BZ
              Plaintiff(s),        )
13                                 )    **ORDER FINDING CONTEMPT**
         v.                        )
14                                 )
    JOHN EARL BRAKE,               )
15                                 )
              Defendant(s).        )
16                                 )
    _____    )
17

18       Following several hearings attended by both parties and
19  after considering evidence submitted by both parties,
20  plaintiff's motion for civil contempt sanctions is **GRANTED**.
21       The standard for finding a party in civil contempt is
22  well settled.
23       The moving party has the burden of showing by clear and
         convincing evidence that the contemnors violated a
24       specific and definite order of the court. The burden then
         shifts to the contemnors to demonstrate why they were
25       unable to comply.
26  F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir.
27  1999) quoting Stone v. City and County of San Francisco, 968
28  F.2d 850, 856 n. 9 (9th Cir.1992) (citations omitted).  "A

                                    1

1  party's inability to comply with a judicial order constitutes
2  a defense to a charge of civil contempt." F.T.C., 179 F.3d at
3  1239.  "[T]he party asserting the impossibility defense must
4  show 'categorically and in detail' why he is unable to
5  comply." Id. (internal citations omitted).  The alleged
6  contemnor "must go beyond a mere assertion of inability, and
7  establish that he has made 'in good faith all reasonable
8  efforts' to meet the terms of the court order he is seeking to
9  avoid." CFTC v. Wellington Precious Metals, Inc., 950 F.2d
10 1525, 1529 (11th Cir. 1992) (internal citations omitted). "The
11 burden shifts back to the initiating party only upon a
12 sufficient showing by the alleged contemnor." Id.

13      Here, Defendant John Earl Brake has not sufficiently
14 carried his burden in proving his inability to pay the
15 judgment to which he stipulated.  The SEC carried its initial
16 burden by proving that Brake failed to comply with the terms
17 of the stipulated judgment; Brake does not contest that fact.
18 Brake however has failed to demonstrate "categorically and in
19 detail" why he is unable to comply with the judgment.
20 Specifically, Brake has not persuaded me that he does not
21 still have available some or all of the almost $3 million
22 dollars that he regularly, sometimes on a daily basis,
23 withdrew in cash from the Pinnacle West account.  Brake's
24 explanation is simply that the money is gone, perhaps used for
25 purposes such as doing business in other countries, and that
26 he no longer has any funds.  However, I find his explanation
27 not credible and insufficient under relevant caselaw.  See
28 e.g. Securities and Exchange Commission v. Children's

Internet, Inc., 2009 WL 2160660 (N.D. Cal. 2009). Brake has simply failed to carry his burden to persuade the Court that he no longer has the ability to pay the judgment to which he stipulated 10 months ago.

For the foregoing reasons, I find John Earl Brake to be in contempt of the Judgment entered by the Court. **IT IS THEREFORE ORDERED** as follows:

1. Brake shall pay the full amount of the Judgment, together with post judgment interest, forthwith.

2. Brake shall make an initial $40,000 payment by **December 31, 2010.** If he makes the payment by that day, a hearing is scheduled for **January 10, 2011 a 4:00 p.m.** to schedule further payments. Brake may appear by telephone by making arrangements with my clerk, Ada Yiu at **415-522-2015**.

3. If he fails to make the payment by that day, a remedial sanction of $10,000 per day will be imposed for each calendar day after **December 31, 2010,** until the date that he makes the $40,000 payment.

4. If this remedial sanction is not effective and he does not make the payments required by paragraph 2 of this Order by **January 10, 2011**, then by **noon** on **January 14, 2011**, Brake shall surrender himself to the U.S. Marshal's Service on the 20th Floor at 450 Golden Gate Avenue, San Francisco, California to be incarcerated until he purges himself of his

///
///
///
///

1 | contumacious conduct by making the required payments or
2 | pending further order of the Court.
3 | Dated: September 29, 2010

*Bernard Zimmerman*
United States Magistrate Judge

G:\BZALL\-BZCASES\SEC V. BRAKE\CONTEMPT ORD.wpd

4